Ernest Thibault  
vs.   } No. 92069.  
Byrolly Transportation Co.

June 5, 1934.

FROST, J. Heard upon defendant's motion for new trial after verdict for plaintiff in the sum of $223.84.

This is an action to recover money admittedly earned, which was deducted from plaintiff's wages to pay for losses sustained by the defendant as a result of alleged carelessness of the plaintiff.

Thibault was employed as a truck driver. He first came to work for the defendant in October of 1931 and his last employment was in August, 1933.

The plaintiff's contention is that various amounts of money were at different time deducted by the defendant from his wages, without his permission, against his expressed wish and without any justification.

The defendant asserts a right to make the deductions by virtue of certain rules of the company, promulgated by it and consented to by the plaintiff.

The verdict of the jury allows the plaintiff to recover deductions, with interest, made by the defendant on seven alleged violations of its rules. On six of these alleged violations, the Court thinks there was little or no testimony justifying the deductions made or the evidence relating to them was conflicting and of such a character that the Court is not inclined to disturb the verdict as to them.

This cannot be said of the remaining alleged violation. This relates to a cracked engine block for which the defendant deducted $100 in small weekly amounts from the wages of the plaintiff.

Defendant claimed that the engine block on truck 53, driven by Thibault, was cracked as a result of Thibault's action in pouring cold water upon it when it was hot. Thibault denied that the block was cracked as a result

of his carelessness. However that may be, Charles Bertuccio, the Superintendent of Transportation, testified that he hired the drivers; that he hired Thibault; that the engine block was cracked in July 1932; that he discharged Thibault for causing the cracking of the block; that thereafter Thibault saw him and he finally agreed to take him back as a mechanic's helper but only on condition that he pay for the cracked block; that Thibault agreed to do this and was taken back.

Mary B. Lyman, of Waterbury, Connecticut, the Assistant Treasurer of the Byrolly Transportation Company, testified that she had charge of the books; that Thibault was off two weeks from July 30, to August 15, 1932.

Bartuccio also testified that Thibault on being re-employed was again required to sign a copy of "Rules and Regulations". It appears that Thibault did sign again on September 10, 1932.

It seems reasonable to suppose that if Thibault was discharged for this alleged carelessness in connection with the cracked engine block that he would not be rehired except upon his agreement to pay for the damage done. It also seems reasonable that he would be willing to agree to pay for the sake of his job.

Upon this item the Court thinks the weight of the evidence is against the finding of the jury and that the sum of $100 was properly deducted in accordance with an express agreement with the plaintiff.

As to defendant's contention that Thibault accepted his final payment in the form of a check and by such acceptance impliedly agreed that the amount of the check was proper and represented all that was owed him; there is testimony, the Court thinks, which would justify the jury in finding that in accepting the check Thibault did not accept it other than as

a payment on account and that he was allowed to keep it on that basis.

One of defendant's grounds for a new trial is that of newly discovered evidence. In support of that ground defendant presents the affidavit of Charles M. Monahan, who was Manager of the Providence Branch of the defendant company at the time when Thibault left the latter's employ, also the affidavit of William E. Connors on the question of due diligence. From the latter's affidavit it appears that Mr. Connors assisted in the preparation of the case for trial. It also appears that Monahan is working in Providence for a rival transportation company. It seems inconceivable to the Court that Mr. Monahan could not have been found and produced at the trial of the case if the defendant had desired to do so if it thought it was necessary to have him. In the opinion of the Court the affidavits do not afford ground for a new trial.

For the reasons stated, if the plaintiff remit, within four days, all of the verdict in excess of $120.35, defendant's motion for a new trial is denied. If such remittitur be not filed, said motion is granted.

For plaintiff: Michael F. Costello.

For defendant: Michael Addeo.